UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELICIA ROSA,

                         Plaintiff,

     v.

PATHSTONE CORPORATION, MEGAN JACKSON,
DAMARIS GONZALEZ, *and* ZELMA DASILVA,

                       Defendants.

No. 23-CV-1071 (KMK)

ORDER

---

Appearances:

Felicia Rosa
Port Jervis, NY
*Pro Se Plaintiff*

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Felicia Rosa ("Plaintiff") filed the instant Action against Pathstone

Corporation ("Pathstone"), Megan Jackson, Damaris Gonzalez, and Zelma DaSilva (collectively,

"Defendants"), alleging violations of her rights under the U.S. Constitution, as well as violations

of the Fair Housing Act and Section 504 of the Rehabilitation Act of 1973. (*See* Second Am.

Compl. ("SAC") Ex. 1 at 2–3 (Dkt. No. 11-1).)[1] Before the Court is Plaintiff's Motion for a

Temporary Restraining Order ("TRO") or an Injunction relating to an eviction proceeding

brought against her in state court. (*See* Not. of Mot. (Dkt. No. 25); Decl. in Supp. of Mot. for

TRO ("Rosa Decl.") (Dkt. No. 26).)

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

I.  Background

Plaintiff filed the instant Action on February 7, 2023, (Compl. (Dkt. No. 2)), and

followed up shortly thereafter with her First Amended Complaint on February 14, 2023, (First

Am. Compl. ("FAC") (Dkt. No. 5)).  In addition to Defendants, the Complaint and First

Amended Complaint listed as defendants YYA Estates LLC ("YYA Estates") and its attorney,

Vern S. Lazaroff, Esq. ("Lazaroff").  (*See* Compl. 5; FAC 5.)  On April 27, 2023, Chief U.S.

District Judge Laura T. Swain issued an Order to Amend, granting Plaintiff leave to file a second

amended complaint and dismissing YYA Estates and Lazaroff from the case.  (*See* Order to

Amend 15–16 (Dkt. No. 10).)[2]  Plaintiff then filed the SAC—which does not list YYA Estates

and Lazaroff as Defendants—on June 26, 2023.  (*See generally* SAC (Dkt. No. 11).)

On October 12, 2023, Plaintiff filed her Motion for a TRO or an Injunction.  (*See* Not. of

Mot.; Rosa Decl.)  In the Declaration accompanying her Motion, Plaintiff stated that YYA

Estates had brought an eviction proceeding for non-payment of rent against her in Port Jervis

City Court.  (Rosa Decl. 1–2 (noting that the Index Number for the eviction proceeding is LT-

000224-23/PJ).)  Thus, she requested "an injunction or [TRO] on YYA Estates and Port Jervis

City Court[.]"  (*Id.* at 1.)[3]  More specifically, it appears that Plaintiff is asking this Court to

enjoin the state court eviction proceeding "while th[e] Court . . . decides my complaint about

Pathstone['s] illegal stoppage of my rent to YYA Estates[.]"  (*Id.* at 3.)  In support of her Motion,

Plaintiff avers that she would suffer irreparable harm in the absence of a TRO or an injunction

because the outcome of the eviction proceeding could render her and her children homeless, and

---

[2] This case was subsequently reassigned to the undersigned on July 14, 2023.  (*See* Dkt. (Notice of Case Reassignment to Judge Kenneth M. Karas, dated July 14, 2023).)

[3] It bears repeating that YYA Estates is no longer a party in this Action, and the Court notes that the Port Jervis City Court is not a party here either.  (*See generally* SAC.)

because she could lose custody of her children if she is evicted.  (*Id.* at 2.)  Additionally, Plaintiff argues that this Court has the authority to enjoin the eviction proceeding given that "the Supremacy Clause of the U.S. Constitution . . . says federal law overrides state law."  (*Id.* at 3.)

## II.  Discussion

### A.  Standard of Review

"A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction."  *Benihana, Inc. v. Benihana of Tokyo*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration and quotation marks omitted).  The same standard governs the consideration of an application for a TRO.  *See Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (noting that "[t]he standard for an entry of a TRO is essentially the same as for a preliminary injunction," except that TROs are often granted ex parte prior to extensive discovery); *accord Herbert v. Sanfeliz*, No. 22-CV-4299, 2022 WL 3755305, at *1 (S.D.N.Y. Aug. 30, 2022).

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis and quotation marks omitted)); *Free Country Ltd.*, 235 F. Supp. at 565 ("[A] TRO, perhaps even more so than a preliminary injunction, is an extraordinary and drastic remedy . . . ." (quotation marks omitted)).  "The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by

3

preventing during the pendency of the suit the occurrence of that irreparable sort of harm which

the movant fears will occur." *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) (quotation

marks omitted).  "These standards apply with equal force where defendants have not appeared

and the motion for a preliminary injunction is unopposed." *Roku Inc. v. Individuals, Corps., Ltd.*

*Liab. Corps., P'Ships, & Unincorporated Ass'ns*, No. 22-CV-850, 2022 WL 1598208, at *2

(S.D.N.Y. May 20, 2022); *see also JTH Tax, Inc. v. Sawhney*, No. 19-CV-4035, 2019 WL

3051760, at *2 (S.D.N.Y. July 11, 2019) (applying these standards to an unopposed preliminary

injunction motion).

    B.  Analysis

      Here, even assuming that she has demonstrated a likelihood of irreparable injury in the

absence of the requested injunctive relief, Plaintiff has not addressed, let alone established, the

other elements necessary for a court to grant injunctive relief—namely, that (1) she is likely to

succeed in the instant Action, or that there are sufficiently serious questions going to the merits

of this case to make them a fair ground for litigation; (2) the balance of hardships tip in her

favor; and (3) the public interest would not be disserved by the issuance of an injunction.  *See*

*Benihana, Inc.*, 784 F.3d at 895.

      That being said, the Court is mindful that it must hold submissions from pro se plaintiffs

"to less stringent standards than formal pleadings drafted by lawyers[,]" *Herbert*, 2022 WL

3755305, at *2 (quoting *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014)), and

examine "[s]ubmissions [from] pro se plaintiffs . . . with 'special solicitude," *Vasquez v. Warren*,

630 F. Supp. 3d 524, 535 (S.D.N.Y. 2022) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d

Cir. 2010)).  Accordingly, rather than deny Plaintiff's Motion, the Court will permit her to

supplement her Motion so that she can address those additional elements necessary for a court to grant injunctive relief.

### III.  Conclusion

For the foregoing reasons, the Court declines to rule on Plaintiff's Motion at this time. Plaintiff is directed to supplement her Motion by explaining whether (1) she is likely to succeed in the instant Action, or that there are sufficiently serious questions going to the merits of this case to make them a fair ground for litigation; (2) the balance of hardships tips in her favor; and (3) the public interest would not be disserved by the issuance of an injunction.[4]  Plaintiff's supplemental submission is due by no later than 5 p.m. EDT on Tuesday, October 17, 2023.[5]

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:      October 13, 2023
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court.  The clinic is run by a private organization; it is not part of, or run by, the Court.  It cannot accept filings on behalf of the Court.

To receive limited-scope assistance from the clinic, Plaintiff may complete the clinic's intake form on her computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI.  If Plaintiff has questions regarding the form or is unable to complete it, she may leave a voicemail at (212) 659-5190.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.

[5] Although Plaintiff does not specify in her Declaration when she expects to be evicted, (*see generally* Rosa Decl.), the Court conducted independent research and observed that the next Appearance Date listed for the eviction proceeding, *YYA Estates LLC v. Felicia Rosa*, Index No. LT-000224-23/PJ (Port Jervis City Ct.), is Thursday, October 19, 2023.  Thus, the Court does not expect any further activity in the eviction proceeding before that date.