UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA ROSA,

                     Plaintiff,                     No. 23-CV-1071 (KMK)

      v.                                         ORDER

PATHSTONE CORPORATION, MEGAN JACKSON,
DAMARIS GONZALEZ, *and* ZELMA DASILVA,

                     Defendants.

KENNETH M. KARAS, United States District Judge:

    Pro se Plaintiff Felicia Rosa ("Plaintiff") filed the instant Action against Pathstone Corporation ("Pathstone"), Megan Jackson, Damaris Gonzalez, and Zelma DaSilva (collectively, "Defendants"), alleging violations of her rights under the U.S. Constitution, as well as several statutory violations. (*See* Second Am. Compl. ("SAC") Ex. 1 at 2–3 (Dkt. No. 11-1).)[1] Specifically, Plaintiff alleges four causes of action: (1) a claim under the Equal Protection Clause; (2) a due process claim; (3) a claim under the Fair Housing Act; and (4) a claim under Section 504 of the Rehabilitation Act of 1973. (*See id.* ¶¶ 14–17.) Plaintiff is proceeding in forma pauperis ("IFP"). (*See* Dkt. No. 6.) Before the Court is Plaintiff's Application for the Appointment of Pro Bono Counsel. (*See* Pl's Second Application for Appointment of Counsel ("Application") (Dkt. No. 39); *see also* Pl's First Application for Appointment of Counsel ("Initial Application") (Dkt. No. 4).)

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

In her Application, Plaintiff asserts that the Court should appoint pro bono counsel because she is facing significant challenges "navigating the legal process." (Application 1.) She further contends that legal representation would "greatly assist" her in that it would ensure that her case is "presented effectively and that [her] rights are adequately protected" as this case progresses. (*Id.*) Similarly, in her initial application for the appointment of counsel, Plaintiff stated that she was not "qualified to proceed without guidance from an attorney." (*See* Initial Application 1.) For the following reasons, Plaintiff's Application is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's:

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff has demonstrated that she *attempted* to retain counsel. Specifically, as of February 2023, she had "contacted several [unnamed] legal aid organizations," but was told that those organizations do not serve residents of Orange County. (Initial Application 2.) She also asserts that she had "a negative experience" in the past with "Legal Services of the Hudson Valley." (*Id.*) In her instant Application, Plaintiff further argues that she has desperately tried to find representation and that she has "been working with pro se [in connection with this case] but feel[s] the agency may [be] prejudice[d] toward[] [her] case." (Application 2.) Indeed, Plaintiff

3

submits she believes that unnamed agency—which has provided her assistance as a pro se litigant—is not "100 percent trustworthy" and is perhaps biased against her in some way. (*Id.*) Although Plaintiff appears to have contacted several legal services organizations, she has not established that she is *unable* to retain counsel—indeed, it is not clear that Plaintiff has exhausted her search by, for example, consulting with attorneys who may be interested in taking her case on a contingency basis. Simply put, it is unclear how many attorneys Plaintiff has contacted and what the breath of her search has been. Because Plaintiff has not demonstrated that she is unable to retain counsel, her Application should be denied at this juncture. *See Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023) (denying an application for the appointment for counsel where the plaintiff had "spoken with NYLAG, Pacific Justice Institute, and Liberty counsel in regards to pro bono representation," was told those organizations were not accepting new clients, spoke to several other attorneys in other states, but ultimately failed to establish that she had "exhausted her search"); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies").

      Putting aside Plaintiff's failure to demonstrate that she is unable to obtain counsel—and even assuming the SAC would have "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent her in light of the second inquiry under *Hodge* concerning prudential factors. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020)

(assuming for the purpose of an application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same).  The primary—if not exclusive—reason Plaintiff offers for her need for an attorney is that she is "facing significant challenges in navigating the legal process," such that "[l]egal representation would greatly assist her in ensuring that [her] case is presented effectively and that [her] rights are adequately protected . . . ." (Application 1; *see also* Initial Application 1 (explaining that Plaintiff needs an attorney appointed to represent her because she is not "qualified to proceed [in prosecuting this Action] without guidance from an attorney").)  However, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *accord Aguiree*, 2023 WL 4187385, at *2; *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).  Furthermore, Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate [her] claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

      Moreover, the Court notes that Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).  Indeed, Plaintiff's "complaint articulates a clear and concise statement of the facts, demonstrating [her] ability to present [her] case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2

(S.D.N.Y. Feb. 3, 2006). Plaintiff's claim is largely based on the retelling of events that happened to her and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to that plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Additionally, Plaintiff has demonstrated her ability to present the case herself through her submissions in the instant Action, which adequately express her arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings"); *see also Gayot v. New York*, No. 16-CV-8871, 2023 WL 6199226, at *3 (S.D.N.Y. Sept. 22, 2023) (same). Indeed, Plaintiff recently requested on her own, and was granted, leave to file an additional amended complaint in this case. (*See* Memo Endorsement (Dkt. No. 42).)

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the foregoing reasons, and mindful that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's Application is denied without prejudice. Plaintiff may renew her request and provide the Court

with additional information regarding any changed circumstances that would support a renewed application.

The Clerk of Court is respectfully directed to terminate the pending Application, (*see* Dkt. No. 39), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   December 19, 2023
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge