**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Felicia Rosa,**
**Plaintiff,**
**v.**
**Pathstone Corp., et al.,**
**Defendants.**
**Civil Case No.: 7:23-cv-01071**

MEMO ENDORSED

**MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

TO THE HONORABLE JUDGE KENNETH M. KARAS:

Plaintiff Felicia Rosa, appearing pro se, respectfully submits this Motion pursuant to Federal Rule of Civil Procedure 62.1 and Appellate Rule 12.1, requesting an indicative ruling on the Plaintiff's prior motion for relief, which was denied due to the pending appeal.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court indicate whether it would grant the requested relief or whether the motion raises a substantial issue that justifies a remand from the Court of Appeals under Rule 62.1(a)(3).

## ARGUMENT

1. **Jurisdiction and Relief under Rule 62.1**
   Pursuant to Rule 62.1, if a motion is made for relief that the Court lacks authority to grant because of a pending appeal, the Court may:

   Defer consideration of the motion;
   Deny the motion; or
   State that it would grant the motion or that the motion raises a substantial issue.

   If the Court states that it would grant the motion or identifies a substantial issue, the Plaintiff may then seek a remand from the Court of Appeals to allow the District Court to consider and rule on the motion.

2. **Applicability of Appellate Rule 4(a)(4)**
   Under Appellate Rule 4(a)(4), certain motions—if timely filed—suspend the effect of a notice of appeal until the motion is resolved. Plaintiff's request for relief pertains to unresolved matters critical to the case's outcome, including but not limited to:

   The adequacy of the settlement agreement;
   The procedural fairness in dismissing the case;
   The unresolved issue of broker's fees necessary to secure housing;
   And the improper limitations placed on Plaintiff's voucher and assistance process.

3. **Indicative Ruling Procedure Is Appropriate Here**
   Plaintiff has demonstrated ongoing issues with the implementation of the settlement agreement, suggesting that significant unresolved matters require the Court's consideration to avoid prejudice. As held in *Jordan v. Bowen*, 808 F.2d 733, 736–37 (10th Cir. 1987), and *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990), a motion filed after a notice of appeal must still be addressed to resolve underlying issues critical to the litigation.
   Plaintiff respectfully argues that an indicative ruling is necessary to address the fairness and enforceability of the settlement, including the specific relief sought for broker's fee coverage and voucher extensions.

4. **Substantial Issues Raised in Plaintiff's Case**
   The settlement agreement does not provide sufficient protections for Plaintiff's rights, as it:

   Lacks a clear timeline for securing housing;

Omits necessary support for broker's fees, which Plaintiff relied upon;
And fails to address the challenges Plaintiff faced due to discrimination and procedural delays in housing approval.

Plaintiff's inability to fully benefit from the agreement constitutes a substantial issue, warranting this Court's review. Relief sought in the original motion directly relates to Plaintiff's legal claims and the ongoing harm caused by incomplete implementation of the settlement.

5. **Request for Remand from Court of Appeals**
   If the Court indicates its willingness to grant relief or identifies the substantial issues raised, Plaintiff will promptly request a limited remand from the Court of Appeals, as outlined in Rule 12.1 and supported by *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court issue an indicative ruling under Rule 62.1(a)(3), stating that the Plaintiff's motion for relief raises substantial issues and that a remand from the Court of Appeals is warranted.

Respectfully submitted,

Felicia Rosa
12/04/24]

"When faced with a motion for relief that the district court lacks authority to grant because of a pending appeal, the district court 'may (1) defer consideration of the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *Litovich v. Bank of Am. Corp.*, No. 20-CV-3154 (VEC), 2022 WL 16856436, at *2 (S.D.N.Y. Nov. 10, 2022) (quoting Fed. R. Civ. P. 62.1(a)). Such an indicative ruling is inappropriate "when it requires the district court to consider the exact issue that is pending on appeal." *Id.* (citing *Ret. Bd. of Policemen's Annuity and Ben. Fund of City of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013).

Because Plaintiff asks the Court to issue an indicative ruling on matters that are pending on appeal, such as the scope of the settlement agreement, an indicative ruling is inappropriate and unwarranted here.

Accordingly, the Motion is DENIED.

SO ORDERED.

12/12/2024